# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-74V
Filed: August 11, 2017
UNPUBLISHED

| | |
|---|---|
| RIGO GUZMAN,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs; Adjusted<br>Hourly Rates |

*Danielle A. Strait, Maglio Christopher & Toale, PA,* Seattle, Washington, for petitioner.
*Glenn A. MacLeod,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On January 13, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on May 23, 2013. (ECF No. 1.) The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters. On March 20, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 34.) Petitioner now moves for attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Relevant Procedural History**

On July 14, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 37.)  Petitioner requests attorneys' fees in the amount of $17,077.60 and attorneys' costs in the amount of $2,363.73.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  Thus, the total amount requested is $19,441.33.

On July 28, 2017, respondent filed a response to petitioner's motion. (ECF No. 38.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On August 2, 2017, petitioner filed a reply claiming that Respondent's position burdened the Court and prejudiced Petitioner.  (ECF No. 39.)  Without specific objections from Respondent, Petitioner argued, the Court determines fee applications without allowing petitioners the opportunity to respond to any "issues or misperceptions."  *Id.* at 2.  Petitioner then argued he has "established his attorneys' fees and costs were reasonable, [thus] his attorneys' fees should be paid and case costs reimbursed in full."  *Id.* at 4.

In a follow up order, the undersigned requested submission of an additional attorney affidavit supporting the requested hourly rate for attorney Cecelia Stultz.  (ECF No. 40.)  That affidavit was filed on August 10, 2017. (ECF No. 41.)

II.     **Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e).  In this case, petitioner was awarded compensation and therefore is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court must first determine "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  The special master may reduce a fee request *sua sponte*, apart from objections raised by respondent.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

Reasonable forum rate ranges for attorneys with varying years of experience was determined in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), which the undersigned finds persuasive.  Attorneys in practice for four to seven years may reasonably charge a forum rate between $225 and $300 per hour for the years 2015 and 2016.  *Id.* at *19; *see also* Office of Special Masters Attorneys' Forum Hourly Rate Schedule: 2015-2016 ("2015-2015 Fee Schedule").[3]  For 2017, this range was increased to $230-$307 per hour. *See* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017 ("2017 Fee Schedule").[4]

According to her affidavit, Ms. Strait graduated law school in May 2009 and was first licensed to practice in July 2010 (ECF No. 37-4, p. 1), placing her in the 4-7 year practice range for 2014-2017.[5]  Thus, Ms. Strait's requested hourly rate of $306 for work performed in 2016 and $320 for work performed in 2017 are too high.  (ECF No. 37-1, p. 14.) The undersigned finds that $300 per hour is an appropriate rate for Ms. Strait for work performed in 2016 and $307 is a reasonable hourly rate for Ms. Strait for work performed in 2017.  This places her at the high end of the rates for attorneys with four to seven years of experience in practice.  These rate adjustments are consistent with previous rate reductions for Ms. Strait in 2017. *E.g., Schultheis v. Sec'y of Health & Human Servs.*, No. 13-781V, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017); *Liggett v. Sec'y of Health & Human Servs.*, No. 15-526V (Fed. Cl. Spec. Mstr. Aug. 3, 2017).

The above rate adjustments result in a reduction in attorneys' fees of $133.50. The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request otherwise appears reasonable, and the undersigned will not reduce the requested hours or costs.

### III.   Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---|
| Requested attorneys' fees: | $17,077.60 |
| (Reductions to Ms. Strait's Hourly Rate in 2017) | ($42.90) |

---

[3] Available at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

[4] Available at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

[5] Ms. Strait asserts that she falls within the 8-10 year category for 2017. (ECF No. 37-4, p. 5.) However, years of experience on the Fee Schedules are generally calculated based on the year an attorney was admitted to the bar.  *See* 2015-2016 Fee Schedule, n. 6; 2017 Fee Schedule, n. 8.

| | |
|---|---|
| (Reduction to Ms. Strait's Hourly Rate in 2016) | ($90.60) |
| **Adjusted Fees Total:** | **$16,944.10** |
| **Costs Total:** | **$2,363.73** |
| **Total Attorneys' Fees and Costs Awarded:** | **$19,307.83** |

**Accordingly, the undersigned awards the total of $19,307.83[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle Strait, Esq.[7]**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.